# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SAVANCYS INC. § | |
| § | |
| v. § | CIVIL ACTION NO. 3:24-CV-0139-S |
| § | |
| TRENDSET IT INC., BHRIGUS INC., § | |
| and COMPUTEK SOLUTIONS INC. § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Trendset IT Inc., Bhrigus Inc., and Computek Solutions Inc.'s Motion to Dismiss Plaintiff Savancys Inc.'s Claims for Tortious Interference, Civil Conspiracy, and Unjust Enrichment ("Motion") [ECF No. 24]. The Court has reviewed the Motion, Plaintiff's Opposition in Response to the Motion [ECF No. 26], Defendants' Reply in Support of the Motion [ECF No. 29], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I. BACKGROUND

Plaintiff is a company that provides professional information technology and business consulting services to its clients and end-clients. Pl.'s Second Am. Compl. and Appl. for Injunctive Relief ("Amended Complaint") [ECF No. 22] ¶ 10. On or about December 18, 2019, Plaintiff entered into a Master Service Agreement with Defendant Trendset IT Inc. *Id.* ¶ 11. Under that contract, Trendset agreed that its employees would provide consulting services on projects with Plaintiff's clients and end-clients in exchange for a fee. *Id.* Plaintiff entered into similar agreements with Defendants Bhrigus Inc. and Computek Solutions Inc. *Id.* ¶¶ 24, 26. Plaintiff and Trendset also entered into a Statement of Work related to placing Trendset's consultant, Prasanth

Chaladavada,[1] on a consulting project with Plaintiff's end-client, Menasha Corporation. *Id.* ¶¶ 16-17. Plaintiff placed Chaladavada at Menasha through Plaintiff's client and vendor, Probosys, LLC. *Id.* ¶ 18. Plaintiff entered into a Master Services Agreement and Statement of Work with Probosys (collectively, "Probosys Agreements") related to the placement of Chaladavada with Menasha.[2] *Id.* ¶ 19. The Probosys Agreements provided that "Plaintiff was to receive payment relative to the services rendered by [information technology] consultants that Plaintiff provided to Probosys and its clients." *Id.* ¶ 23.

On or about August 31, 2023, Trendset terminated its contractual relationship with Plaintiff. *Id.* ¶ 29. Trendset then allegedly bypassed Plaintiff and continued to place consultants at Menasha through Probosys. *Id.* ¶ 30. According to Plaintiff, Defendants conspired "to cover up [Trendset's] unlawful actions . . . so as to have [Defendants] place consultants at Menasha through Probosys and to secretly bypass and take the project and earnings away from Plaintiff." *Id.* ¶ 33.

As a result of these alleged actions, Plaintiff brought suit, asserting claims for breach of contract, unjust enrichment, tortious interference, and civil conspiracy. *Id.* ¶¶ 41-101 (cleaned up).

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Plaintiff alternately refers to this consultant as Prasanth Chadalavada and Prasanth Chaladavada. *See, e.g.,* Am. Compl. ¶¶ 16-17. The Court uses the second spelling throughout this Memorandum Opinion and Order.

[2] Plaintiff refers to other information technology consultants in the Amended Complaint, *see, e.g.,* Am. Compl. ¶ 89, but it is unclear whether Plaintiff placed any consultants other than Chaladavada at Menasha.

2

(citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### III. ANALYSIS

Defendants move to dismiss Plaintiff's tortious interference, civil conspiracy, and unjust enrichment claims. Mot. 1. The Court agrees that the tortious interference and civil conspiracy claims must be dismissed. Plaintiff fails to adequately allege all necessary elements in support of its claims for tortious interference with an existing contract and tortious interference with a prospective business relationship. Because these underlying tort claims fail, Plaintiff cannot maintain a claim for civil conspiracy. With respect to the unjust enrichment claim, Plaintiff disclaims an intent to assert such a cause of action. Defendant did not move to dismiss the quasi-contract claim or claims Plaintiff intends to assert, so the Court declines to dismiss any such causes of action at this time.

### A. Tortious Interference with an Existing Contract

Under Texas law,[3] the elements of tortious interference with an existing contract are: "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) such act was a proximate cause of damage; and (4) actual damage or loss occurred." *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004) (citation omitted). To prevail on this claim, Plaintiff must allege "that some obligatory provision of a contract [was] breached." *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 354 (5th Cir. 2021) (alteration in original) (citing, among other sources, *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421-22 (Tex. 2017)); *see also Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, No. 3:18-CV-0587-N, 2021 WL 9145415, at *2 (N.D. Tex. Mar. 24, 2021) (applying breach requirement at pleading stage). Defendants contend that Plaintiff has not pleaded that any third party breached a contract with Plaintiff. Mot. 5.

Plaintiff alleges the existence of the two Probosys Agreements between it and Probosys. Am. Compl. ¶ 19. And Plaintiff alleges that Defendants interfered with the Probosys Agreements "by soliciting and eliminating Plaintiff from the consulting arrangement, and by taking the consulting project and prospective placement of consultants with Probosys and Menasha away." *Id.* ¶ 91. But Plaintiff does not allege that Probosys breached either of the Probosys Agreements. Whereas the Amended Complaint reproduces the relevant terms of the contracts between Plaintiff and Defendants, *see, e.g., id.* ¶¶ 12, 14, 25, 27, the details of the Probosys Agreements are sparse. Plaintiff alleges only that "Plaintiff was to receive payment relative to the services rendered by [information technology] consultants that Plaintiff provided to Probosys and its clients." *Id.* ¶ 23;

---

[3] Texas law governs all of the claims discussed herein. *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) ("A federal court sitting in diversity applies the substantive law of the forum state . . . ." (citation omitted)).

4

*see also id.* ¶¶ 28, 89 (same). Plaintiff does not allege whether and how Probosys breached the Probosys Agreements. Therefore, Plaintiff has not plausibly pleaded a claim for tortious interference with an existing contract.

### B. Tortious Interference with a Prospective Business Relationship

The lack of specificity regarding the Probosys Agreements also dooms Plaintiff's claim for tortious interference with a prospective business relationship. "[T]ortious interference with business or prospective contractual relations concerns not only business relations that have not yet been reduced to a contract but also continuing business relations not amounting to a formal contract." *Faucette v. Chantos*, 322 S.W.3d 901, 915 (Tex. App—Houston [14th Dist.] 2010, no pet.) (citation omitted). Under Texas law, such a claim has five elements: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant acted with a conscious desire to prevent the formation of the relationship or knew that interference was certain or substantially certain to occur; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss. *WickFire*, 989 F.3d at 356 (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)). Defendants challenge the first element, arguing that Plaintiff has only pointed to its preexisting relationship with Probosys and has not alleged that there was a reasonable probability of entering into "any new contract or business relationship." Mot. 5-6.

Although Texas law recognizes that "tortious interference with prospective contractual relations includes continuing business relations," *Faucette*, 322 S.W.3d at 915 (citation omitted), Plaintiff has not pointed to any reasonably probable continuing business relations with which Defendants interfered. Plaintiff alleges that it entered into the Probosys Agreements "relative to

5

the placement of Cha[l]a[d]avada on the Menasha project" and that pursuant to those agreements, Plaintiff would "receive payment relative to the services rendered by [information technology] consultants that Plaintiff provided to Probosys and its clients." Am. Compl. ¶¶ 19, 23. And Plaintiff pleads in conclusory fashion that it had "business opportunities" with Probosys and that Defendants interfered with Plaintiff's "prospective placement of consultants" with Probosys and Menasha. *Id.* ¶¶ 89-91. It is unclear to the Court what, if any, aspect of the Probosys Agreements or Plaintiff's relationship with Probosys gave rise to an expectation of a continuing or future business relationship. And Plaintiff glosses over this issue in its Response, stating only that "[i]f further amplification is needed to further demonstrate the reasonable probability element, the remedy is to allow amendment." Resp. 4. The Court invites such further amplification should Plaintiff choose to amend.

### *C. Civil Conspiracy*

"[C]ivil conspiracy is a theory of vicarious liability and not an independent tort"; therefore, it "requires an underlying tort that has caused damages." *Tummel v. Milane*, 787 F. App'x 226, 227 (5th Cir. 2019) (citation omitted).[4] For the reasons stated above, the Court concludes that Plaintiff has not adequately pleaded an underlying tort. As such, Plaintiff's claim for civil conspiracy also fails at this time.

### *D. Unjust Enrichment, Quasi-Contract, and Promissory Estoppel*

Finally, Defendants move to dismiss Plaintiff's claim for unjust enrichment on the ground that courts in the Northern District of Texas do not recognize such a cause of action. Mot. 8. Plaintiff responds that although "the heading of Count Four mistakenly states 'Unjust Enrichment'

---

[4] Though Plaintiff's breach of contract claim remains, "a civil conspiracy claim must be premised on an underlying wrong that sounds in tort, not in contract." *Young Innovations, Inc. v. Dental Health Prods., Inc.*, No. 4:18-01726, 2019 WL 13211665, at *6 (S.D. Tex. Aug. 8, 2019) (citing, among other sources, *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709 (5th Cir. 2009)).

the substance of Count Four makes clear the claim is for quasi-contract/promissory estoppel." Resp. 5. Because Defendants did not move to dismiss the claim Plaintiff apparently intended to bring, the Court does not consider whether Plaintiff plausibly pleaded such claim at this time. However, if Plaintiff files an amended complaint, Plaintiff should clarify its pleadings so the parties and the Court can properly analyze any type of quasi-contract claim that is brought in this case.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Plaintiff's Claims for Tortious Interference, Civil Conspiracy, and Unjust Enrichment [ECF No. 24]. The Court **GRANTS** the Motion with respect to the tortious interference and civil conspiracy claims and **DENIES** the Motion with respect to the quasi-contract claim. Because Plaintiff has requested leave to amend its Amended Complaint, *see* Resp. 6, and given the Federal Rules of Civil Procedure's liberal policy of allowing amendments to pleadings, the Court **GRANTS** Plaintiff leave to amend its Amended Complaint. Plaintiff must file an amended complaint by **October 22, 2024**. If an amended complaint is not filed within such time, Plaintiff's claims for tortious interference and civil conspiracy will be dismissed with prejudice.

**SO ORDERED.**

SIGNED October 8, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**